UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:14-CR-0266-B-35 |
| | § | |
| COREY NELSON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Corey Nelson's Motion for Compassionate Release (Doc. 2474). Because Nelson has not provided medical records supporting his alleged medical conditions or alleged any symptoms necessitating release, the Court **DENIES** Nelson's Motion **WITHOUT PREJUDICE**.

## I.
## BACKGROUND

On July 17, 2017, Nelson was sentenced to 230 months of imprisonment and five years of supervised release after pleading guilty to conspiracy to possess with intent to distribute a controlled substance. Doc. 2002, J., 1–3. Nelson is currently forty-six years old and is confined at Texarkana Federal Correctional Institution with a release date of December 20, 2030.[1] Nelson filed this Motion for Compassionate Release on May 17, 2023. Doc. 2474, Mot. The Court reviews Nelson's Motion below.

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s inmate locator, available at https://www.bop.gov/inmateloc/ (last visited July 11, 2023).

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

A.  *Nelson Is Not Entitled to Appointment of Counsel*

Nelson requests the Court appoint counsel for purposes of the Motion. *See* Doc. 2474, Mot., 6. Nelson's request for appointment of counsel is **DENIED**. A district court must appoint counsel when there is a statutory or constitutional requirement to do so and may appoint counsel, under certain other circumstances, if justice so requires. *See, e.g.*, *United States v. Strother*, 2021 WL 2188136, at *1 (E.D. Tex. May 27, 2021); *United States v. Molina-Flores*, 2018 WL 10050316, at *1–2 (N.D. Tex. Feb. 13, 2018) (Horan, Mag. J.) (noting that district courts have discretion to appoint counsel for some claims when "the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing [the] claim"). This Court, like others within the Fifth Circuit, has held that there is no statutory or constitutional right to appointment of counsel for motions filed under § 3582(c)(1)(A). *See United States v. Reed*, 2022 WL 198405, at *1 (N.D. Tex. Jan. 21, 2022) (Boyle, J.); *United States*

*v. Jackson*, 2020 WL 4365633, at *3 (N.D. Tex. July 30, 2020) (Lindsay, J.), *aff'd*, 829 F. App'x 73 (5th Cir. 2020); *United States v. Contreras*, 2021 WL 1536504, at *2 (E.D. Tex. Apr. 19, 2021); *United States v. Wilfred*, 2020 WL 4698993, at *1 (E.D. La. Aug. 13, 2020). And here, Nelson's motion "presents straightforward claims based on his medical conditions and the threat from COVID-19, [and] is not legally or factually complex." *See United States v. Smith*, 2022 WL 326688, at *1 (N.D. Tex. Feb. 2, 2022) (Boyle, J.); *Contreras*, 2021 WL 1536504, at *2 (noting that compassionate release motions are generally "not particularly complex factually or legally"). Therefore, the Court finds that Nelson is not entitled to appointment of counsel.

B.   *Nelson Has Demonstrated Proof of Exhaustion*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Here, the Court finds that Nelson has satisfied the exhaustion requirement. In support of his Motion, Nelson includes a letter from the warden of his facility, dated April 28, 2020, denying his request for compassionate release. Doc. 2476, Supporting Documentation, 5. The response shows that more than thirty days have lapsed between the warden's receipt of Nelson's request and the filing of his Motion. Thus, Nelson satisfied the exhaustion requirement under § 3582. *See United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021) ("[A] prisoner may wait 30 days after filing his request and—whether the BOP has ruled on the request or not—he is free to file a motion in the district court."). Having determined that Nelson satisfied the exhaustion requirement, the Court turns to the merits of his Motion.

C.   *Nelson Has Not Demonstrated Extraordinary and Compelling Reasons for Release*

Nelson has not shown "extraordinary and compelling reasons" warranting compassionate release. Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (internal citations, quotations, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. Section 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 612 F. Supp. 3d 699, 700 (S.D. Tex. 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1(A)–(C). The Fifth Circuit has held that Section 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93. While not binding, Section 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes extraordinary and compelling reasons for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . [Section] 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that § 1B1.13 is "not dispositive" but "guid[ing]").

Considering Nelson's Motion in light of Section 1B1.13, the Court concludes that Nelson has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A). Nelson claims he suffers from high blood pressure, high cholesterol, high body mass index, and asthma. Doc. 2474, Mot., 5. Nelson also claims he "meet[s] all the CDC [h]igh risk factors" for COVID-19. *Id*. However, Nelson has not specifically identified what, if any, symptoms he suffers from these conditions. *See generally id*. And the Court will not grant Nelson compassionate release based purely off his diagnoses. Such a decision would constitute a generalized blanket pronouncement of "extraordinary and compelling" circumstances applicable to a wide swath of applicants. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (Boyle, J.) ("[T]he Court must consider every prisoner individually and should be cautious about making blanket pronouncements that categories of prisoners . . . warrant compassionate release, even given the unique circumstances of the COVID-19 pandemic.").

Further, Nelson has not attached any medical records supporting his claims that he is experiencing such symptoms. Without such evidence, the Court cannot conclude there are "extraordinary and compelling reasons" for Nelson's release. *See* § 3582(c)(1)(A); *United States v. Pearce*, 2022 WL 992738, at *3 (N.D. Tex. Apr. 1, 2022) (Boyle, J.) (denying motion for compassionate release where defendant failed to provide the Court medical records to substantiate his medical conditions); *Delgado*, 2020 WL 2542624, at *3 (same).

### IV.

### CONCLUSION

Nelson's request for compassionate release under § 3582(c)(1)(A) fails because he has not demonstrated extraordinary and compelling reasons for compassionate release. Therefore, the Court **DENIES** Nelson's Motion (Doc. 2474) **WITHOUT PREJUDICE**.

By denying Nelson's Motion without prejudice, the Court permits Nelson to file a subsequent motion for compassionate release in the event he can provide evidence supporting extraordinary and compelling reasons for release. However, to the extent Nelson merely repeats or provides minor elaborations to arguments this Court has already rejected, such arguments will be summarily rejected.

SO ORDERED.

SIGNED: July 17, 2023.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE